# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5909 | **DATE** | 9/6/11 |
| **CASE TITLE** | Sylvester Jamison (#2009-1116260) v. Superintendent Bryant, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order to: (1) either prepay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint in accordance with this order. The clerk shall send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days will result in dismissal of the case without prejudice.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

    Plaintiff, Sylvester Jamison (#2009-1116260), incarcerated at the Cook County Jail has filed this civil rights complaint under 42 U.S.C. § 1983 against Cook County Sheriff Tom Dart and several jail officials. Plaintiff seeks to challenge the jail's new visitation policies, which purportedly will shorten the time for all visitations.

    The clerk of this court accepted the complaint despite Plaintiff not paying the filing fee or submitting an application to proceed *in forma pauperis* ("IFP"). The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee. If the inmate cannot prepay the $350 filing fee, he may submit an application to proceed IFP to allow him to pay it in monthly installments. If the court grants the application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must submit a completed application, along with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's failure to prepay the filing fee or submit a completed IFP application will result in dismissal of this case without prejudice. N. D. Ill. Local Rule 3.3(e).

    Also, Plaintiff's complaint cannot proceed as currently drafted. First, the complaint is not on the court's form as required under N.D. Ill. Local Rule 81.1. Second, the complaint was received August 25, 2011, and Plaintiff alleges a policy that was enacted or went into effect on August 1, 2011. He states in the complaint that the "grievance system cannot fix this problem." (Complaint at 2.) Although a plaintiff need not plead that he exhausted administrative remedies, which is considered an affirmative defense, when it is clear from the face of the complaint that a plaintiff has not exhausted available remedies, such a situation results in the plaintiff failing to state a claim upon which judicial relief can be granted. *Jones v. Bock*, 549 U.S. 199, 214–215 (2007); 42 U.S.C. § 1997e(a) (an inmate must administratively exhaust his claim concerning a condition of his confinement); 28 U.S.C. § 1915A (a court must conduct a preliminary review of an inmate's complaint and dismiss it if it fails

**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

to state a claim upon which relief may be granted). The timing of Plaintiff's complaint and his allegation that a grievance would not adequately address his challenge indicate that exhaustion was not attempted. If Plaintiff files an amended complaint, he should state whether he has exhausted or attempted to exhaust administrative remedies for his claim. *See Woodford v. Ngo*, 548 U.S. 81, 94 (2006) (one of the purposes of the PLRA's exhaustion requirement is to afford jails and "prisons with a fair opportunity to correct their own errors"). If there is a jail visitation policy that is unconstitutional, the jail should first be given an opportunity to address it before an inmate asserts that claim in federal court. Third, multiple defendants are unnecessary in this case. Given that Plaintiff is challenging a jail policy, he need only name as Defendant a single supervisory person in his official capacity.

For the reasons stated above, the current complaint is dismissed without prejudice to Plaintiff submitting an acceptable amended complaint.

Accordingly, to proceed with this case, Plaintiff must both (1) either prepay the $350 filing fee or submit an IFP application to pay the fee in installments, and (2) submit an amended complaint addressing the concerns stated above. The clerk shall forward to Plaintiff an IFP form and an amended complaint form. Plaintiff is advised that an amended complaint replaces previous ones and must be able to stand on its own without reference to a prior complaint. This court will not refer back to the original complaint to determine Plaintiff's claims or the Defendants to this suit. Plaintiff's failure to comply with this order within 30 days of the date of the order may be construed as his desire not to proceed with this case and will result in dismissal of this case without prejudice.