# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5909 | **DATE** | October 16, 2012 |
| **CASE TITLE** | Sylvester Jamison (R-21155) vs. Superintendent Bryant | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss, to issue a strike, and to assess against Plaintiff the cost of his deposition [16] is granted in part and denied in part. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This case is closed, and all pending motions not addressed in this order are denied. The dismissal shall count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff need not pay the cost of his deposition.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Sylvester Jamison, an inmate at Dixon Correctional Center, filed this 42 U.S.C. § 1983 suit concerning a change in Cook County Jail's visitation policy while Plaintiff was confined there. Plaintiff alleges that the jail changed its visitation policy and reduced the length of visits from 30 minutes to 15 minutes. Plaintiff alleged that he had relatives visiting from Mississippi and that reducing the length of their visits to only 15 minutes violated his right to visits. This Court allowed Plaintiff's amended complaint to proceed, but noted that it was unclear both: whether Illinois law creates a liberty interest with prisoners receiving visits and, if such a right exists, whether the jail's policy affected that right.

Pending before this Court is a motion by Defendant Superintendent Bryant seeking the dismissal of this case, as well as the issuance of a strike and an assessment against Plaintiff for the cost of his deposition. Defendant contends that Plaintiff admitted in his deposition that he has no relatives in Mississippi and that he stated that he wanted to dismiss this suit. Plaintiff was given an opportunity to respond, including an extension of time to do so, but filed no response. For the following reasons, the Court grants Defendant's motion to dismiss and issues a strike, but does not assess the cost of the deposition against Plaintiff.

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). The complaint, however, must "plausibly suggest that the plaintiff has a right to relief, ..." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 -77 (7th Cir. 2007), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Skinner v. Switzer*, __ U.S. __, 131 S. Ct. 1289, 1296 (2011).

When addressing a motion to dismiss, a court usually considers only the complaint, but may also consider, without converting the motion to dismiss into one for summary judgment, "documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). In this case, Defendant attaches to his motion to dismiss a copy of Plaintiff's deposition, a copy of the jail's visitation policy, an affidavit from Gary Hickerson (the acting Director of the Cook County Department of Corrections), and a court reporter's invoice showing the costs of Plaintiff's deposition. (R. 16-1, Exhs. A-C.) The jail's visitation policy appears to be a matter of public record and is certainly a document that is both referred to in Plaintiff's amended complaint and central to his claim. (R. 16-1 at p.18-19); *Geinosky*, 675 F.3d at 745 n.1, citing *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); *see also Polnitz v. Peoria County*, No. 08-1035, 2009 WL 311157 at *2 (C.D. Ill. Feb. 4, 2009) (Baker, J.) (jail's grievance

**STATEMENT**

procedures contained in the jail's manual considered a matter of public record). However, it is not clear that the Court can consider the other documents (Plaintiff's deposition, Hickerson's affidavit, court reporter invoice) attached to the motion to dismiss. *Geinosky*, 675 F.3d at 745 n.1 ("If a moving party relies on additional materials, the motion must be converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).") Although Plaintiff's deposition clearly demonstrates the baselessness of his claim and his desire to "kill this lawsuit" and "dismiss this case," (*see* R. 16-1, Pl.'s Depo. at 31, 33), it may not be considered when deciding Defendant's motion to dismiss. Nevertheless, the deposition is unnecessary in reaching the decision to dismiss this case, given that the jail's visitation policy is enough to demonstrate that Plaintiff has not stated a claim.

The jail's visitation policy states that the jail decreased its visitation time to fifteen minutes. (R. 16-1 at 18-19.) The policy also states, however, that "accommodations will be made for out of town visits (i.e., from 150 miles or more)." (*Id.*) The basis of Plaintiff's claim – that family from Mississippi could not visit for more than 15 minutes (R. 4, Am. C. at 6) – is contradicted by the policy's accommodation for such visits. A party "may plead itself out of court by pleading facts that establish an impenetrable defense to its claims," which occurs "when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Cook County Jail visitation policy, which accommodates for visits from relatives more than 150 miles away, contradicts Plaintiff's claim that family members from Mississippi would be limited to only 15 minutes. Considering the amended complaint's allegations, including the visitation policy referred to therein, the Court finds that Plaintiff has not stated a claim.

Accordingly, the Court dismisses the amended complaint with prejudice for failure to state a claim upon which this Court can grant relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal shall count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The accumulation of three strikes will prevent Plaintiff from filing a civil complaint or appeal without prepaying the filing fee, unless Plaintiff can demonstrate that he is imminent danger of serious bodily injury. § 1915(g). As to Defendant's request for the Court to assess the cost of the deposition against Plaintiff, the Court refuses to do so, given that the deposition was not and could not be considered when ruling on the motion to dismiss and that it was unnecessary to take the deposition for a motion to dismiss.

Plaintiff may appeal this dismissal by filing a notice of appeal in this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* ("IFP") on appeal, he must submit a motion for leave to appeal IFP, which should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may accumulate another "strike" under § 1915(g).